UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRINE WASHINGTON, individually and as a representative of the classes,<br><br>Plaintiff,<br><br>- against -<br><br>STERLING INFOSYSTEMS, INC.,<br><br>Defendant. | Case No. 1:18-cv-4320-GBD<br><br>**DEFENDANT STERLING INFOSYSTEMS, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)** |

Michael O'Neil (*pro hac vice*)
Albert E. Hartmann (*pro hac vice*)
Bruce R. Van Baren (*pro hac vice*)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
T:  312-207-1000
F:  312-207-6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com
bvanbaren@reedsmith.com

-and-

Zalika T. Pierre
REED SMITH LLP
599 Lexington Ave.
New York, NY
T:  212-521-5400
F:  212-521-5450
zpierre@reedsmith.com

*Counsel for Defendant
Sterling Infosystems, Inc.*

Sterling[1] submits this supplemental brief in support of its Motion pursuant to the Court's July 25, 2018 Order (ECF 34). Sterling also attaches (as Exhibits A and B) unredacted copies of Plaintiff's background reports. Plaintiff appended these reports to her Complaint as Exhibits 2 and 3, respectively, but these filings redacted a felony forgery conviction from each report.

At the time that Sterling filed its Motion it was unaware of Plaintiff's reason for redacting the felony criminal record from the reports filed with the Court; Plaintiff filed no motion to seal with the filing of her Complaint. After consultation with Plaintiff's counsel, they agreed that Sterling could file the unredacted reports with a short supplemental brief identifying the redacted material and explaining its relevance to the Motion. (*See* Letter-Motion, ECF 33.)

## I. THE REDACTED PARTS OF THE REPORTS ACCURATELY REVEAL THAT PLAINTIFF WAS CONVICTED OF FELONY FORGERY.

Plaintiff's claims against Sterling are based solely on its reporting of her guilty plea to an infraction for a false or fictitious vehicle registration, in alleged violation of Sections 1681c(a)(5) and 1681e(b) of the FCRA. (*See* Compl., ¶¶ 25-27.) However, as Sterling accurately reported to two of her prospective employers, Plaintiff was also convicted of forgery in 1999. (*See* Ex. A at pp. 4-5 and Ex. B at 3-4.) At the time she pled guilty to the offense, forgery was a Class C felony under Indiana law. *See* IND. CODE 35-43-5-2(b) (1999).

---

[1] Sterling refers to Plaintiff Adrine Washington as "Plaintiff"; Defendant Sterling Infoystems, Inc. as "Sterling"; Plaintiff's Class Action Complaint (ECF 1) as "Complaint"; Sterling's Notice of Motion and Motion to Dismiss Pursuant to Rule 12(b)(1) (ECF 31) as "Motion"; Sterling's Memorandum of Law in Support of its Motion (ECF 32) as "Opening Brief"; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* as the "FCRA."

## II. PLAINTIFF'S FELONY FORGERY CONVICTION RENDERS HER CONCLUSORY ALLEGATIONS OF HARM IMPLAUSIBLE.

As explained in Sterling's Opening Brief, Plaintiff lacks Article III standing because she does not allege that she suffered a concrete harm that Congress sought to prevent when enacting Sections 1681(a)(5) and 1681e(b) of the FCRA, i.e., the loss of a job. (Opening Br. at 10-18.) However, even if the Court finds that the harm Plaintiff allegedly suffered, i.e., the Sterling reports made her appear to have a "more serious offense record" than she really did, (Compl., ¶ 28), is concrete, her conclusory allegation of harm is contradicted by the record and therefore is not plausible.

It is undisputed that Plaintiff's "offense record" – as she calls it – at the time Sterling provided her background reports to her three prospective employers included the criminal offense of felony forgery. This would be true even if Sterling did not report the infraction under the heading "County Criminal Record." Given the undeniably accurate reporting that Plaintiff was convicted of a felony forgery, it is simply not plausible that including her infraction made her appear to have "a more serious offense record than she had in reality." (Compl., ¶ 28.) Indeed, a forgery offense is similar in nature to the infraction for a false or fictitious vehicle registration, but given that forgery is a felony, it is a far more serious offense. Therefore, because Plaintiff has not plausibly alleged that she suffered a concrete harm, this Court should dismiss her claims for lack of standing.

Dated:  July 27, 2018 Respectfully submitted,

  */s/ Bruce R. Van Baren*

Michael O'Neil (*Pro Hac Vice*)
Albert E. Hartmann (*Pro Hac Vice*)
Bruce R. Van Baren (*Pro Hac Vice*)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
T: (312) 207-1000
F: (312) 207-6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com
bvanbaren@reedsmith.com

-and-

Zalika T. Pierre
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
T: (212) 521-5400
F: (212) 521-5450
zpierre@reedsmith.com

*Counsel for Defendant
Sterling Infosystems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 27, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                                                    */s/ Bruce R. Van Baren*
                                                    Bruce R. Van Baren